WILLIAMS et al. v. BARKLEY et al.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1900.)

ATTORNEY'S FEES—LIEN ON JUDGMENT—MONEY PAID INTO COURT.

Defendant recovered a judgment against a railroad company, and became involved with his attorneys in litigation to determine their respective rights thereto. The referee to whom the matter was submitted determined that the attorneys had no lien on the judgment, but were entitled to recover, in a proper action, their fees and expenses. To meet any such recovery, defendant was required to either deposit $2,000 in court, or give a bond in that sum. This determination of the referee was affirmed by the appellate division, and pending an appeal to the court of appeals defendant was required to deposit with the county treasurer one-half of the amount paid on the judgment against the railroad company. Held, that on the dismissal of this appeal defendant was entitled, on making the required deposit, or giving the bond in lieu thereof, to an order directing the treasurer to pay over to him the money deposited with him.

Williams, J., dissenting.

Appeal from special term, Monroe county.

Action by Stephen K. Williams and others against Orville M. Barkley, impleaded with others. From an order denying a motion for an order directing the Monroe county treasurer to pay to defendant certain moneys held by him subject to the order of the court, he appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Frank C. Sargent, for appellant.
George Raines, for respondents.

PER CURIAM. The history of the litigation of which the present action forms a part covers a long period of time, and involves a series of transactions between the parties thereto, which are largely collateral to the original issues. The circumstances out of which the present action arose have already been fully detailed and considered by this court, and for that reason it becomes unnecessary to refer to them with any particularity at this time. Barkley v. Railroad Co., 42 App. Div. 597, 59 N. Y. Supp. 742. In the case last cited it was held by this court that, inasmuch as the action (which is the same as the one in which the order appealed from was granted) was brought to review the proceedings then pending for the determination of the respective rights of Orville M. Barkley, and his attorneys and coun-

sel, and to annul the referee's report therein, which report had been confirmed by this court, an injunction restraining the New York Central & Hudson River Railroad Company from paying and Orville M. Barkley from receiving the amount of the judgment which was the subject-matter of the controversy should not be sustained, and for the same reason we think the order now under review should not have been granted. In the proceeding first above cited (Barkley v. Railroad Co., supra) it was determined by the referee that the original attorneys of record and their privies, who constitute the plaintiffs in this action, had lost all lien upon and claim to any part of the above-mentioned judgment by virtue of the contracts set forth in the moving papers herein, and that they should be left to their action for the recovery of their fees and expenses. To meet any such recovery, and to provide for its payment, Barkley was directed to either deposit $2,000 in court to the credit of the action, or file a bond in that sum, with two sufficient sureties, to be approved by a justice of the court, "conditioned for the payment of all costs and fees in the action which shall be found due to his original attorneys of record, and for services of counsel employed by them at such sum as shall be adjudged a reasonable compensation therefor." It follows that upon the making of the required deposit, or the filing of a proper bond, Barkley would have been entitled to have the entire amount of the judgment paid over to him. But it seems that an appeal was subsequently taken to the court of appeals from the order of this court confirming the report of the referee in the Barkley proceeding, and it was to provide for a possible reversal of that order that the special term order of July 22, 1899, was made, which directed that one-half of the amount paid upon the judgment, to wit, the sum of $6,240.08, should be deposited with the treasurer of Monroe county. The appeal having, however, been dismissed in January last (In re Barkley, 161 N. Y. 647, 57 N. E. ——), it follows that there no longer exists any reason for withholding from Barkley the amount paid upon the judgment recovered by him against the railroad company. All the plaintiffs have had their day in court, and, it having been once adjudged by this court that they are not entitled to have any of the contracts set forth in the complaint herein specifically enforced, we do not understand upon what theory it can now be successfully asserted that the question is an open one, so far, at least, as this court is concerned. On the contrary, we think that proper regard for former adjudications requires that the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion granted, without costs, upon the defendant's complying with the provisions of the order requiring him to either deposit the sum of $2,000, or file a bond in that amount.

WILLIAMS, J., dissenting. ADAMS, P. J., not voting.